IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN BUEHLHORN, LOIS HESS, and )
KAY KLAUSNER, )
)
        Plaintiffs/Relators, )
)
vs. ) CIVIL NO. 10-559-GPM
)
UNIVERSAL VALVE COMPANY, INC., )
)
        Defendant. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Relators Brian Buehlhorn, Lois Hess, and Kay Klausner filed this *qui tam* action for false patent marking under 35 U.S.C. § 292. Many such cases have been filed since the United States Court of Appeals for the Federal Circuit's opinion in *Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295 (Fed. Cir. 2009). This action, and four other similar actions, came before this Court on January 31, 2011, for hearing on various motions.

## FACTUAL AND PROCEDURAL BACKGROUND

Relators claim that Defendant Universal Valve Company, Inc., has advertised, marked, or caused to be marked certain products with expired patents and continues to do so. Specifically, they allege that U.S. Patent No. 2,872,142 (the '142 Patent), entitled Retrieving Device, was issued on February 3, 1959, and expired no later than March 14, 1977. They allege that U.S. Design Patent No. 309,024 (the '024 Patent), entitled Observation Monitoring Well Manhole Cover, was issued on July 3, 1990, and expired no later than July 3, 2004. Relators claim that Defendant (1) has in the

past and continues to falsely advertise and mark (or cause to be marked) with the expired '142 Patent a product entitled Hose Retriever and (2) has in the past and continues to falsely advertise and mark (or cause to be marked) with the expired '024 Patent a product entitled Triangular Manhole Bolted. Relators allege, upon information and belief, that Defendant knew or reasonably should have known that these products are not covered by the expired patents and that Defendant falsely marked these products with the expired patents "for the purpose of consciously deceiving the public into believing that its products are covered by the ['142 and '024 Patents]" (Doc. 3, ¶¶ 31-32, 42-43). Relators seek injunctive relief, damages, attorneys' fees, and costs.

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) attacking the sufficiency of the pleadings under Rules 9(b) and 8(a) and, alternatively, attacking the constitutionality of 35 U.S.C. § 292. Defendant alternatively filed a motion to transfer venue pursuant to 28 U.S.C. § 1404 because the District of New Jersey is a more convenient forum. Since the date of the hearing, the Federal Circuit decided *In re BP Lubricants USA Inc.*, Misc. No. 960, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011), in which the Federal Circuit granted a petition for a writ of mandamus and directed the United States District Court for the Northern District of Illinois to grant a motion to dismiss a complaint asserting a false marking claim. Defendant seeks leave to supplement its motion to dismiss to incorporate the *BP Lubricants* decision and a decision by the United States District Court for the Northern District of Ohio finding the false marking statute unconstitutional. The motions to supplement are granted in part and denied in part. The Court is aware of and has considered the decisions cited by Defendant; there is no need to file them on the Court's docket.

## DISCUSSION

The false marking statute provides, in relevant part:

(a) …. Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense.

(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292. The statute's reference to "any person" operates as a statutory assignment of the United States's rights, and a violation of the statute inherently constitutes an injury to the United States. *Stauffer v. Brooks Bothers, Inc.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010). Therefore, so long as a relator alleges a violation of the statute, which suffices to allege an injury in fact to the United States, then the relator has standing to pursue the claim as the United States's implicit assignee. *Id*. at 1324-25.

In additional to establishing a relator's jurisdictional standing to pursue such claims, the *Stauffer* Court also impliedly held that Rule 9(b) applies to false marking claims brought under § 292 when it remanded the case to the district court to "address the merits of the case, including [the defendant's] motion to dismiss pursuant to Rule 12(b)(6) 'on the grounds that the complaint fails to state a plausible claim to relief because it fails to allege an 'intent to deceive' the public – a critical element of a section 292 claim – with sufficient specificity to meet the heightened pleading requirements for claims of fraud imposed by' Rule 9(b)." 619 F.3d at 1328. The Court did not remand the case for a determination whether Rule 9(b) applied; rather, it remanded the case for a sufficiency of the pleadings determination. Nonetheless, the Federal Circuit now specifically has held that Rule 9(b)'s particularity requirement applies to false marking claims brought under § 292.

*BP Lubricants*, 2011 WL 873147, at *1. The Court further held that, under Rule 9(b), "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id*.

To satisfy Rule 9(b), although knowledge and intent may be averred generally and a plaintiff may plead upon information and belief, the complaint must contain sufficient underlying facts from which a court may reasonably infer that the defendant acted with the requisite state of mind. *Id*. at *3, citing Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). To allege the requisite intent to deceive in the § 292 context, the complaint must provide "some objective indication to reasonably infer that the defendant was aware that the patent expired." *BP Lubricants*, 2011 WL 873147, at *3, *citing Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (proof that the party making a misrepresentation had knowledge of its falsity "is enough to warrant drawing the inference that there was fraudulent intent").

During the hearing, Relators argued – and the Court was inclined to agree – that their allegations are sufficient to plead the requisite intent to deceive when read in combination with the rebuttable presumption recognized in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010). In *Pequignot*, the Federal Circuit first established that articles covered by expired patents are unpatented for purposes of liability for false marking. 608 F.3d at 1361. Next, it held that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Id*. at 1362-63. The Federal Circuit addressed this argument in *BP Lubricants*:

> This court agrees that the *Pequignot* presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in *Pequignot*, "[t]he bar for proving deceptive intent [in false marking cases] is particularly high," requiring that relator show "a purpose of deceit, rather than

> simply knowledge that a statement is false." That relator pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement.

*BP Lubricants*, 2011 WL 873147, at *4, *quoting Pequignot*, 608 F.3d at 1362-63 (internal citations omitted). The Court concluded that because the relator's complaint "provided only generalized allegations rather than specific underlying facts from which [the Court could] reasonably infer the requisite intent, the complaint failed to meet the requirements of Rule 9(b)." *BP Lubricants*, 2011 WL 873147, at *3.

This Court has carefully compared Relators' allegations in this complaint to the allegations examined in *BP Lubricants*. Relators' allegations provide no more specificity than the allegations that were rejected as insufficient in *BP Lubricants*. Therefore, the Federal Circuit's rationale applies here: "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *BP Lubricants*, 2011 WL 873147, at *2. The recent *BP Lubricants* decision requires this Court to find Relators' allegations insufficient under Rule 9(b). Specifically, they have failed to provide any objective indication from which the Court can reasonably infer that Defendant knew that the patents were expired. Relators' allegation that "[u]pon information and belief, Defendant has an in-house legal department (or otherwise retains attorneys) that is/are responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws" (Doc. 3, ¶ 23) is a restatement of the general allegation that Defendant knew or should have known that the patents expired. The complaint contains insufficient underlying facts from which this Court can infer the requisite intent to deceive under Rule 9(b). Accordingly, the complaint must be dismissed without prejudice to

Relators filing an amended complaint in accordance with the pleading requirements outlined by the Federal Circuit in *BP Lubricants*. Because Relators are granted leave to replead, this Court declines to address Defendant's venue motion; the motion is denied without prejudice to refiling after Relators' amended complaint is filed.[1]

Finally, the Court rejects Defendant's constitutional challenge. So far, the Federal Circuit has declined to address the constitutionality of § 292. *See Stauffer*, 619 F.3d at 1327 ("we will not decide the constitutionality [of section 292] without the issue having been raised or argued by the parties"). It is true that a district court in the Northern District of Ohio recently held that the *qui tam* provision of 35 U.S.C. § 292 is unconstitutional as violative of the Take Care Clause of Article II of the Constitution. *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 5:10-CV-1912, 2011 WL 924341 (N.D. Ohio March 14, 2011), *reaff'g Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 5:10-CV-1912, 2011 WL 649998 (N.D. Ohio Feb. 23, 2011). The Northern District of Ohio court so held because (1) the Sixth Circuit Court of Appeals relied upon the "sufficient control" test espoused in *Morrison v. Olson*, 487 U.S. 654 (1988), to uphold the *qui tam* provisions of the False Claims Act (FCA) in *United States ex. rel. Taxpayers Against Fraud v. General Electric Co.*, 41 F.3d 1032 (6th Cir. 1994), and (2) the Federal Circuit has not rejected the application of *Morrison* to the false marking statute. 2011 WL 649998, at *3; 2011 WL 924341, at *3. The Northern District of Ohio court, which is within the Sixth Circuit, rejected the Fifth Circuit Court of Appeals' contrary en banc holding that *Morrison* is inapplicable to the FCA's *qui tam* provisions. 2011 WL 649998, at *4, *citing Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 754-55 (5th Cir.

---

[1]As discussed during the hearing and based upon the allegations contained in the original complaint, the transfer question presented by the facts of this case is a close one.

2001) (en banc).  Defendant has not submitted any authority that is controlling upon this Court finding § 292 to be unconstitutional.  This Court believes that if and when the Federal Circuit does address the issue, it will find the statute constitutional.  Nonetheless, this Court finds it prudent to require Relators to give notice of this action to the United States beyond the current mechanism of the Clerk of Court giving notice to the United States Patent Office.  Therefore, Relators shall serve a copy of their amended complaint, along with a copy of this Memorandum and Order, upon the United States Attorney for the Southern District of Illinois.

## CONCLUSION

For the foregoing reasons, Defendant's motions to supplement (Docs. 26, 28) are **GRANTED in part and DENIED in part**; Defendant's motion to dismiss (Doc. 13) is **GRANTED in part and DENIED in part**; and Defendant's motion to transfer venue (Doc. 17) is **DENIED without prejudice** to refiling after Relators amend their complaint.  Relators are **GRANTED leave** to file an amended complaint on or before **May 2, 2011**.  Relators are **ORDERED** to serve a copy of the amended complaint, along with a copy of this Memorandum and Order, upon the United States Attorney for the Southern District of Illinois.

**IT IS SO ORDERED.**

DATED:  03/31/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge